Gibbs v. Comm'r of Social Security

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand thirteen.

PRESENT:
    JON O. NEWMAN,
    RALPH K. WINTER,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

Bob W. Gibbs,

                    *Plaintiff - Appellant*,

        v.                                          12-1422

Commissioner of Social Security,

                    *Defendant - Appellee*.

_____

**FOR APPELLANT:**          Bob W. Gibbs, *pro se*, Albany, NY.

**FOR APPELLEE:**           Robert R, Schriver, Assistant Regional Counsel, United
                            States Social Security Administration, Brooklyn, NY.

        Appeal from judgment of the United States District Court for the Northern District of

New York (Homer, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Bob W. Gibbs, proceeding *pro se*, appeals from the district court's judgment affirming the decision of the Commissioner of Social Security (the "Commissioner"),[1] finding that the Commissioner's determination that Gibbs's Supplemental Security Income benefits were correctly reduced was supported by substantial evidence. Gibbs seeks judicial review of the Commissioner's final decision. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When reviewing determinations made by the Commissioner, we conduct a "plenary review of the administrative record." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks omitted); *see also Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998) (noting that the focus of review is the administrative ruling, not the district court's decision). We may set aside the Commissioner's decision only if the factual findings are not supported by substantial evidence, or if incorrect legal standards were applied. *See Burgess*, 537 F.3d at 127; *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (per curiam). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127-28 (internal quotation marks omitted).

Having conducted a plenary review of the administrative record, we affirm the judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned decision. *See Gibbs v. Comm'r of Soc. Sec.*, No. 10-cv-1439 (N.D.N.Y. Mar. 22, 2012). We have considered all of Gibbs's remaining arguments and find them to be without merit.

---

[1] The parties consented to proceed to final judgment before a magistrate judge, pursuant to 28 U.S.C. § 636(c). **Dist. Ct. Dkt. No. 16.**

2

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

Further, Gibbs' motion to "withdraw with or without prejudice," **[ECF No. 44]**, is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk